No. 664

ZARAMBA v. PRUCHNICKI

Ohio Appeals, 9th Dist., Lorain Co.

No. 403. Decided April 29, 1927.

480. EVIDENCE—Not error to admit evidence in reference to matter collateral to real issue where such evidence, taken in connection with the whole record, is not prejudicial.

1265. WEIGHT OF EVIDENCE—Verdict will not be reversed on weight of evidence unless it is so clearly unsupported as to indicate misapprehension or mistake, bias, passion or prejudice, or wilful disregard of duty upon part of the jury.

Error to Common Pleas.

Judgment affirmed.

First Publication of this Opinion

FUNK, J.

This action was to recover the sum of $1500 on an alleged agreement whereby Zaramba agreed to pay to Pruchnicki, said sum for board, care and maintenance. The answer was a general denial. The case was tried to a jury, which returned a verdict for Pruchnicki in the sum of $1000.

Three errors are complained of: that the court erred in the admission of evidence, that there was error in the charge of the court, and that the verdict is manifestly against the weight of the evidence.

The first assignment of error relates to the admission of testimony as to whether or not Zaramba had intended to be married in June, 1925, and was about to deed his property to the woman he expected to marry. While the admission of this evidence may have been technically erroneous, it being in reference to a matter collateral to the real issue in the case, we do not find that it was prejudicial when taken in connection with the whole record, as it clearly appears that he did not get married and had no intention of doing so.

Error is claimed in the charge, on the question of implied contracts. We find no prejudicial error in this particular, especially when the charge is taken as a whole and in connection with the whole record in the case.

Third, it is further contended that the verdict is manifestly against the weight of the evidence. When a case has been fully and fairly tried to a jury and submitted on a question of fact, the verdict of such jury, who saw and heard the witnesses testify and observed their manner and demeanor on the stand, and which verdict has been approved by the trial court, who had the same opportunity of observing the witnesses, should not be reversed on the weight of the evidence unless such verdict is so clearly unsupported by the evidence as to indicate some misapprehension or mistake, bias, passion or prejudice, or wilful disregard of duty upon the part of the jury.

Judgment affirmed.

(Washburn, PJ., and Pardee, J., concur).

Attorneys—Frank Coleman for Zaramba; D. H. Aiken for Pruchnicki, all of Lorain.